UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOODWIN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16-CV-7 CEJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

**MEMORANDUM**

Before the court is the motion of Michael Goodwin for leave to proceed in forma pauperis and his petition for a writ of error coram nobis. After reviewing the financial information provided, the court finds that Goodwin is unable to pay any part of the filing fee. Therefore, he will be granted leave to proceed in forma pauperis. However, for the reasons discussed below, Goodwin's petition will be denied.

**Background**

On September 7, 2001, Goodwin pled guilty to Count I of the indictment which charged him with conspiracy to possess with intent to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846.[1] In the plea agreement, Goodwin stipulated that he was responsible for 15 to 50 kilograms of cocaine, "including relevant conduct." The plea agreement listed nine events that occurred during the course of the conspiracy in which cocaine or cocaine base was found, and provided that these events could be considered relevant conduct. At sentencing, Goodwin objected to the inclusion of the nine events as relevant conduct in the presentence report (PSR). But the objection was overruled

---

[1] *United States v. Goodwin*, 4:01CR173 CEJ (E.D. Mo.).

based on the fact that Goodwin had stipulated to being responsible for 15 to 50 kilograms of cocaine.

According to the United States Sentencing Guidelines, the base offense level for more than 15 and less than 50 kilograms of cocaine was 34. U.S.S.G § 2D1.1(a)(3). The court applied this guideline and, after adjustments, determined that Goodwin's total offense level was 31. With a criminal history category of II, the guideline imprisonment was 121 to 151 months. Goodwin was sentenced to a 151-month term of imprisonment. Count VII, which charged Goodwin with possession with intent to distribute more than 50 grams of cocaine base, was dismissed pursuant to the plea agreement.

In May 2008, Goodwin filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines, which lowered the base offense level for offenses involving cocaine base. The court denied the motion after finding that Goodwin's sentence was based on cocaine, not cocaine base. The judgment of the court was summarily affirmed on appeal. *United States v. Michael Goodwin*, No. 11-1080 (8th Cir. February 23, 2011).

**Discussion**

A federal court has the authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court for the Northern Dist. of California*, 426 U.S. 394, 403 (1976). Moreover, coram nobis is not intended to be a substitute for proceedings brought pursuant to 28 U.S.C. § 2255. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 511 (1954).

In the instant motion, Goodwin challenges the legal sufficiency of Count VII of the indictment. Whether or not the language in Count VII tracks the language of the statute on which it is based is immaterial. Goodwin did not plead guilty to the Count VII and the charge against him in that count was dismissed at sentencing. As such, this argument lacks merit.

Goodwin's second claim is that the plea agreement was "constitutionally invalid due to ambiguity." This claim is no more than a restatement of Goodwin's motion for a sentence reduction based on Amendment 706. Again, Goodwin pled guilty to an offense involving cocaine, not cocaine base. The plea agreement clearly and unambiguously stated that Goodwin was responsible for 15 to 50 kilograms of cocaine, not cocaine base. Moreover, in determining the guideline range, the court considered the base offense level guideline for 15 to 50 kilograms of cocaine, not cocaine base. Because this claim is refuted by the record, Goodwin is not entitled to relief.

An order consistent with this memorandum opinion will be filed separately.

Dated this 28th day of January, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE